UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RUSSELL HOSKINS, | Case No. 3:09-cv-465 |
| Plaintiff, | Judge Timothy S. Black |
| | Magistrate Judge Michael R. Merz |
| vs. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 13) IN ITS ENTIRETY; (2) OVERRULING DEFENDANT'S OBJECTIONS (Doc. 14); (3) REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED; (4) REMANDING THIS MATTER FOR FURTHER PROCEEDINGS UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g); AND (5) TERMINATING THIS CASE.**

Plaintiff Russell Hoskins brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security denying his application for Supplemental Security Income ("SSI").

On October 18, 2010, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (Doc. 13) recommending that the Commissioner's non-disability determination be reversed and that the case be remanded to the Social Security Administration under sentence four of 42 U.S.C. § 405 for additional administrative proceedings. Defendant subsequently filed objections. (Doc. 14). Plaintiff did not respond to Defendant's objections, and the time for doing so has expired. The case is now ripe for decision.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

The second judicial inquiry, reviewing the ALJ's legal criteria, may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id.* (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. 13), in Defendant's Objections (Doc. 14), as well as upon a thorough *de novo* review of the matter, the Court adopts the aforesaid Report and Recommendations in its entirety, and overrules Defendant's Objections.

Accordingly, in so doing, the Court hereby **ORDERS** that the Report and Recommendations of the Magistrate Judge (Doc. 13) be and is **ADOPTED** in its entirety,

that Defendant's Objections (Doc. 14) be **OVERRULED**, that the ALJ's non-disability finding be and is **VACATED** consistent with the Magistrate Judge's Report and Recommendations, that this matter be **REMANDED** to the Social Security Administration for further proceedings, and that this case be **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

    **IT IS SO ORDERED**.

Date: 11/2/10

Timothy S. Black
United States District Judge